Kevin B. Faga, Esq.
Faga Savino, LLP.
Attorneys for Plaintiffs
Tokyo Pop LLC and Papasito Midtown Corp., Inc.
399 Knollwood Road, Suite 301
White Plains, New York 10603
(914) 358-1373

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- x

TOKYO POP, LLC. and PAPASITO MIDTOWN CORP., INC.,

                         Plaintiffs,

      -against-

THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT,

                         Defendants.

COMPLAINT

1:12-cv-01731-GBD

----------------------------------------------------------------------- x

Plaintiffs, Tokyo Pop LLC. and Papasito Midtown Corp., by their attorney, Faga Savino, LLP., as and for their complaint, allege as follows:

NATURE OF THE ACTION

1.    The City of New York, through the Legal Bureau of the Police Department, discriminatorily and abusively shuts down and padlocks restaurants, lounges, and other establishments licensed and authorized to sell liquor under the guise of the Nuisance Abatement Law for unproven, unsubstantiated, and secreted alleged violations of the New York State Alcoholic Beverage Control Law.

1

2. The Nuisance Abatement Law, as written, violates the Plaintiffs' due process rights as it seeks to deprive them of property based on violations that the alleged offenders have neither admitted nor been adjudged to have committed.

3. Worse, the Legal Bureau of the Police Department, blatantly abuses the Nuisance Abatement Law to deprive honest, hardworking members of the community, of their business, by exacerbating the alleged wrongdoings to a level the statute never intended. The abuse not only effects the owners of the restaurants, but all those employed by or peripherally benefiting from the businesses, including the waiters, waitresses bartenders, security guards, custodians, valet parking attendants, promoters, and taxi companies.

4. Plaintiffs bring their claims pursuant to the United States Constitution, as amended, 42 U.S.C. § 1983, the New York State Constitution, and New York law. They seek redress for Defendants' deprivation, under color of state law, of their rights, privileges, and immunities secured by the Constitution and laws of the United States and by the New York State Constitution.

## JURISDICTION AND VENUE

5. This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and under the New York State Constitution, Article 1, § 12.

6. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1367, and 2201.

7. The acts complained of occurred in part in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

JURY DEMAND

8.  Plaintiffs demand trial by jury in this action.

PARTIES

9.  Plaintiff Tokyo Pop, LLC. (hereinafter "Tokyo Pop") is domestic limited liability company duly incorporated within the State of New York. Tokyo Pop has a valid liquor license under the laws of the New York State Liquor Authority for the premises located at 2728 Broadway, New York, New York.

10.  Plaintiff Papasito Midtown Corp., Inc. (hereinafter "Papasito") is domestic business corporation duly incorporated within the State of New York. Papasito is the contract vendee of the premises located at 2728 Broadway, New York, New York.

11.  Papasito Mexican Grill and Agave Bar (hereinafter the "Restaurant") is a Mexican restaurant located at 2728 Broadway, New York, New York. The Restaurant is known traditional Mexican culinary recipes and friendly restaurant style atmosphere.

12.  Defendant, the City of New York (hereinafter "City"), is a municipal corporation incorporated under the laws of the State of New York.

13.  Defendant New York City Police Department (hereinafter "Police Department"), under the Charter of the City of New York and the Administrative Code of the City of New York, is charged with administering and enforcing laws and the public safety.

FACTS COMMON TO ALL CAUSES OF ACTION

14.  New York City Administrative Code §7-701 *et seq.*, otherwise known as the Nuisance Abatement Law, was enacted in an effort to prevent the use of property in <u>flagrant</u>

violation of law. The law was enacted to predominantly combat prostitution, gambling, and drug offenses.

15. The law defines a public nuisance as "any building, erection or place, including one- or two-family dwellings, used for any of the unlawful activities described in section one hundred twenty-three of the alcoholic beverage control law."

16. Section 123 of the alcoholic beverage control law prohibits the manufacture or sale of alcohol without a license, the trafficking of alcohol unlawfully, and the trafficking of illegal liquor.

17. The alcoholic beverage control law fails to define the term "traffic in" except to say it "includes to manufacture and sell any alcoholic beverage at wholesale or retail."

18. Under the Nuisance Abatement Law, the Law Department and Legal Bureau can apply for ex parte temporary relief to close an establishment for no more than three (3) business days by a showing of clear and convincing evidence that a public nuisance is being "conducted, maintained or permitted and that public health, safety or welfare immediately requires a temporary closing order."

19. The Legal Bureau and Law Department, through its attorney, has been using the Nuisance Abatement Law, and specifically section 123, by attempting to define trafficking as including the occasional, aberrant sale of alcohol to minors.

20. Being armed with this dangerous tool, the Defendants are illegally and improperly raiding and closing restaurants without providing their owners notice that employees have allegedly been found selling alcohol to minors, without issuing summons, without providing restaurant owners a chance to contest the summons, wherein the law provides them with several affirmative defenses, and without notice that they have done anything illegally.

21. There is no requirement in the Nuisance Abatement Law that a restaurant be found guilty of a violation, the mere accusation suffices to arm the Defendants with the ability to padlock a restaurant.

22. On or about February 29, 2012, the Legal Bureau filed a Summons and Complaint and Order to Show Cause before the Hon. Martin Schoenfeld seeking to padlock the Restaurant for allegedly selling alcohol to minors. To exacerbate the abuse of the law, the Defendants waited until a Friday to file the action, knowingly closing the Restaurant during its busiest days. The further chilling effect of the Friday closure was to ensure that the Restaurant would be closed not for three days, but rather five.

23. Attached to the Order to Show Cause were affidavits of two detectives stating that they allegedly entered the premises with underage auxiliary police officers and were served alcohol on October 22, November 5, November 12, 2011, and January 6, 2012. The Plaintiffs' were never issued a summons for the sale of the alcohol and had no knowledge that their employee had allegedly sold alcohol to minors. Thus, they were unable to correct any problems that may have occurred in the Restaurant.

24. On February 29, 2012, more than four months after the first incident, and more than one month after the supporting documents had been drafted, approximately 20 members of the Police Department entered the Restaurant and enforced the padlock order.

25. Clearly, the Defendants clear intent was not to curb underage or public welfare. Had it been so, immediately following the first alleged sale of alcohol to minor, the police would have issued a summons and immediately demanded that the Plaintiffs take corrective action. Rather, their actions are obviously to extort and extract exorbitant fines and fees.

## FIRST CAUSE OF ACTION

26. Plaintiffs repeat and reallege paragraphs 1 through 25 as if the same were fully set forth at length herein.

27. By implementing, promulgating, and continuing to enforce and/or effectuate a policy, practice and custom pursuant to which restaurants can arbitrarily be shut down without even being charged with a crime, for an extended period of time, without notice of wrongdoing, and ex parte, Defendants have deprived and will continue to deprive each Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, and of rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

28. All Defendants have acted under pretense and color of state law, in their individual and official capacities, and within the scope of their employment. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Defendants have conspired among themselves to do so (taking numerous overt steps in furtherance thereof), and failed to prevent one another from doing so.

29. Defendants' actions were deliberate, reckless and indifferent to Plaintiffs' constitutional rights.

## SECOND CAUSE OF ACTION

30. Plaintiffs repeat and reallege paragraphs 1 through 29 as if the same were fully set forth at length herein.

31. By implementing, promulgating, and continuing to enforce and/or effectuate a policy, practice and custom pursuant to which restaurants can arbitrarily be shut down without even being charged with a crime, for an extended period of time, without notice of wrongdoing, and ex parte, without due process of law, Defendants have deprived and will continue to deprive Plaintiffs of rights, remedies, privileges and immunities guaranteed to every citizen of the State of New York in violation of the New York State Constitution, Article 1, § 6. Defendants have conspired among themselves to do so (taking numerous overt steps in furtherance thereof), and failed to prevent one another from doing so.

32. All Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their employment. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiffs of their rights secured by the New York State Constitution, Article 1, § 6.

33. Defendants' actions were deliberate, reckless and indifferent to Plaintiffs' constitutional rights.

## THIRD CAUSE OF ACTION

34. Plaintiffs repeat and reallege paragraphs 1 through 33 as if the same were fully set forth at length herein.

35. The Fifth Amendment to the United States Constitution provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law ...."

36. The Nuisance Abatement Law is overboard as it permits the taking of property without a violation or specified time period. Under the law, if a violation is committed five years prior to the filing of an action, the Defendants would still be able to seize the property for up to essentially five calendar days.

37. The damage done due to the seizure goes beyond the loss of profits during the five days. The waiters, waitresses bartenders, security guards, custodians, valet parking attendants, promoters, and taxi companies, and other ancillary businesses are all unable to work. Further, the good will of the business is irreparably damaged.

38. This overbreadth infects the entire statute, and is not amendable to a limiting instruction or severance.

## FOURTH CAUSE OF ACTION

39. Plaintiffs repeat and reallege paragraphs 1 through 38 as if the same were fully set forth at length herein.

40. The Due Process Clause of the Constitution of the United States prohibits the imposition of sanctions, or threat of imposing those sanctions, if the law is so unclear that a person of ordinary intelligence cannot know what is prohibited.

41. The Nuisance Abatement Law is vague as it defines essentially any violations as a public nuisance. More specifically, the law fails to define "traffic in." However, the Defendants base their unconstitutional actions on this very phrase.

42. This vagueness infects the entire statute, and is not amendable to a limiting instruction or severance.

IRREPARABLE HARM

43. As to each of the foregoing claims, if Defendants' are allowed to continue this policy, practice and custom of arbitrarily and without due process shutting down restaurants, the named plaintiffs will be subjected to immediate and irreparable injury for which no adequate remedy at law exists the Plaintiffs will suffer continued violations of their rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article 1, §§ 6 and 12 of the New York State Constitution and under state law.

RELIEF REQUESTED

WHEREFORE, Plaintiffs ask this Court:

A. To enter a judgment declaring that Nuisance Abatement Law on its face is unconstitutional.

B. To enter a judgment declaring that Nuisance Abatement Law as applied is unconstitutional.

C. To enter a judgment declaring that Defendants' policy, practice and custom concerning padlocking of restaurants is illegal under state law.

D. To enter a judgment declaring that the Nuisance Abatement Law is in violation of state law.

E. To issue an order enjoining preliminarily and permanently Defendants' policy, practice and custom of padlocking restaurants without issuing a summons or underlying warning to its owners.

F. To award the named Plaintiffs compensatory damages in an amount to be determined at trial.

G. To award the named Plaintiffs punitive damages in an amount to be determined at trial.

H. To award the named Plaintiffs reasonable attorney's fees and costs.

I. To grant such other and further relief as this Court shall find just and proper.

Dated: White Plains, New York
　　　　March 7, 2012

　　　　　　　　　　　　　　　　FAGA SAVINO, LLP.

　　　　　　　　　　　　　　　　By: /s/ *Kevin B. Faga*
　　　　　　　　　　　　　　　　　　 KEVIN B. FAGA (KF5829)
　　　　　　　　　　　　　　　　399 Knollwood Road, Suite 301
　　　　　　　　　　　　　　　　White Plains, New York 10603
　　　　　　　　　　　　　　　　(914) 358-1373
　　　　　　　　　　　　　　　　*Attorney for the Plaintiffs*